IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SUNDARI K. PRASAD,

Plaintiff,

v.                                                                                          Civil Action No. **3:17CV140**

WASHINGTON METRO POLICE DEPT, *et al.*,

Defendants.

## MEMORANDUM OPINION

Sundari K. Prasad, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this

civil action pursuant to *Bivens*.[1] By Memorandum Order entered on October 30, 2017, the Court

directed Prasad to file a particularized complaint. (ECF No. 12.) Thereafter, Prasad filed a

Particularized Complaint (ECF No. 15), which is before the Court for evaluation pursuant to 28

U.S.C. §§ 1915(e)(2) and 1915A.

### I. Preliminary Review

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any

action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state

a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). The first standard includes

claims based upon "an indisputably meritless legal theory," or claims where the "factual

contentions are clearly baseless." *Clay v. Yates,* 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting

*Neitzke v. Williams,* 490 U.S. 319, 327 (1989)), *aff'd,* 36 F.3d 1091 (4th Cir. 1994). The second

standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint;

importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971).

applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly,

while the Court liberally construes *pro se* complaints, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th

Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte,* statutory and

constitutional claims that the inmate failed to clearly raise on the face of his or her complaint.

*See Brock v. Carroll,* 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City

of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. Prasad's Particularized Complaint

The action proceeds on Prasad's Particularized Complaint (ECF No. 15). Although her

original complaint named many defendants, Prasad's Particularized Complaint names the

Washington DC Police Dept as the sole defendant. *(Id.* at 1.)[2] In order to state a viable claim

under *Bivens,* a plaintiff must allege that a person acting under color of federal authority

deprived him or her of a constitutional right or of a right conferred by a law of the United States.

*See Williams v. Burgess,* No. 3:09cv115, 2010 WL 1957105, at *2 (E.D. Va. May 13, 2010)

(citing *Goldstein v. Moatz,* 364 F.3d 205, 210 n.8 (4th Cir. 2004)), *aff'd per curiam,* No. 10–

6798, 2011 WL 3664279, at *1 (4th Cir. Aug. 22, 2011). While Prasad brought this action

pursuant to *Bivens,* the Defendant Washington DC Police Dept, is a state, not a federal actor,

thus the Court construes Prasad to bring this action pursuant to 42 U.S.C. § 1983.[3] *Cf. Pollard v.

District of Columbia,* 191 F. Supp. 3d 58, 67 (D.D.C. June 9, 2016) (citations omitted)

---

[2] The Clerk will be directed to amend the docket to reflect that the Washington DC Police Dept is the sole defendant in this action.

[3] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

(explaining that Washington D.C. police officers "count as state actors for purposes of Section 1983"), *aff'd* 698 F. App'x 616 (D.C. Cir. 2017).

In the October 30, 2017 Memorandum Order directing Prasad to file a particularized complaint, the Court explained as follows:

> Plaintiff's current Complaint is a rambling narrative that fails to delineate discernable claims against each defendant. Plaintiff's current allegations fail to provide the particular constitutional right that was violated by each defendant's conduct and also fail to provide each defendant with fair notice of the facts and legal basis upon which his or her liability rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).
> Accordingly, Plaintiff is DIRECTED, within fourteen (14) days of the date of entry hereof, to particularize her complaint in conformance with the following directions and in the order set forth below:
>
> > a.     At the very top of the particularized pleading, Plaintiff is directed to place the following caption in all capital letters "PARTICULARIZED COMPLAINT FOR CIVIL ACTION NUMBER 3:17CV140."
> >
> > b.     The first paragraph of the particularized pleading must contain a list of defendants. Thereafter, in the body of the particularized complaint, Plaintiff must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to her claims for relief. Thereafter, in separately captioned sections, Plaintiff must clearly identify each civil right violated. Under each section, the Plaintiff must list each defendant purportedly liable under that legal theory and explain why she believes each defendant is liable to her. Such explanation should reference the specific numbered factual paragraphs in the body of the particularized complaint that support that assertion. Plaintiff shall also include a prayer for relief.
> >
> > c.     The particularized pleading will supplant the prior complaints. The particularized pleading must stand or fall of its own accord. Plaintiff may not reference statements in the prior complaints.
>
> **FAILURE TO COMPLY WITH THE FOREGOING DIRECTIONS WILL RESULT IN DISMISSAL OF THE ACTION.** *See* Fed. R. Civ. P. 41(b).

(ECF No. 12, at 1–2.) Prasad's Particularized Complaint fails to comply with the directives of the October 30, 2017 Memorandum Order. Prasad neither set forth legibly a short statement of the facts in separately numbered paragraphs, nor adequately explained why the Defendant Washington DC Police Dept is liable for the sixteen "accus[ations]" that are apparently Prasad's

claims for relief. (Part. Compl. 3–5.) Instead, Prasad's Particularized Complaint is a rambling narrative coupled with sixteen vague and conclusory claims for relief. To the best of its ability,[4] the Court sets forth Prasad's allegations as follows:

> Washington DC Police Dept was contacted by my EXE. My custody case drama in 12/2015 caused issues w/ this. In 2013/4, I was sexually assaulted by two Latino men in DC. No criminal case was filed. Instead, Human Rights Watch did an investigation as 193 cases seemingly did not get prosecuted for errors of the District. I am craving oyer over that investigation for inclusion and reference into this complaint as I am mentioned and my case was referenced several times. This was a criminal case that never got prosecuted, and never went to trial.
>
> I was kidnapped and held hostage, drugged, and repeatedly raped [and] sodomized by these two men in an apartment bldg. DC's fire dept was called when I found and managed to charge a cell phone in one man's room. (I was padlocked in both rooms between the two and could not get out). DCFD had to axe the door in to get me out. This occurred around Easter holiday. In the room they found me dirty [and] disheveled – and a bucket was in the center of the floor which I was forced to defecate [and] urinate in for those days. DC investigators* questioned (*DCPD) me at hospital and were overly discriminatory- commenting on my knowledge of the Spanish language – making negative comments about my body (the female officer was) ("You must've had a gastric bypass – I can see by all the fat on your arms/legs, etc. and excess skin") and then when she asked me to try to speak Spanish (I was still slightly drugged and had a headache) she said, "Don't butcher my Spanish language!" The chief, male Hispanic officer asked me to state something in Spanish as well – and he again negatively made comments "don't slaughter my language like that." They asked me to speak Spanish as they said that one of the men did not speak fluent English. While I do speak fluent Spanish – I speak better when immersed and not when under trauma or I have a headache. The police officers continued to make rude comments in Spanish while the rape kit was going on and through questioning.
>
> The case was mishandled because of ex parte information received by Prasad's family that she worked for Larry Flynt and that she was an alcoholic – and the rape kit was on and off again lost then found. All of [the] evidence was not collected. I had the ID of one of the kidnappers (now lost) and the cellphone that the 911 call was made on to the fire dept that was never collected. Due to disability and discrimination – the rape case was not taken seriously and swept under the rug. The Human Rights Watch investigation is still ongoing and custody case issues in 12/2015. Appeal false incarceration in 12/2015 [and] health issues – sexual misconduct of guard in jail, etc. – caused Hendrix to delve into this rape case that was closed and get all this info fraudulently to dredge up

---

[4] The Court omits the emphasis and corrects the spelling, capitalization, and punctuation in the quotations from Prasad's Particularized Complaint. The Court employs the pagination assigned to the Complaint by the CM/ECF docketing system. In some instances, Prasad's Complaint is not legible. The Court makes its best attempt to decipher these words.

dirt to use in my custody case – which is a civil rights violation to me as it is causing issues as well that still continue as the cases are still open w/ HRW and the case that was closed is/was reopened.

(Part. Compl. 1–3.)

Prasad lists sixteen "accus[ations]" caused by this conduct, including, the Americans with Disabilities Act, "ex parte material," "human rights violations," state law and constitutional violations, several federal statutes, and the Fifth,[5] Sixth,[6] Eighth,[7] Ninth,[8] Tenth,[9] Thirteenth,[10] and, Fourteenth[11] Amendments. (*Id.* at 3–5.)[12] Prasad seeks "injunctive, declaratory, and

---

[5] "No person shall be . . . deprived of life, liberty, or property, without due process of law. . . ." U.S. Const. amend. V.

[6] In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury . . . and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

U.S. Const. amend. VI.

[7] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

[8] "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const. amend. IX.

[9] "The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." U.S. Const. amend. X.

[10] "Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." U.S. Const. amend. XIII.

[11] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

[12] Beginning on page nine of the Particularized Complaint, Prasad has attached pages with miscellaneous allegations that do not name the Defendant and do not appear to follow logically her allegations in the previous pages. (Part. Compl. 9.) Prasad labels the top of page nine, "False Case CR16–1184 [] PTSD from case [and] Prasad v. DCPD." (*Id.*) These later pages outline her medical history and appear to raise different claims against the Hampton Roads Regional Jail and someone named "Hamilton Hendrix." (*See id.* at 9–14.) To the extent that

monetary relief[]," a "full criminal trial," for the state to "pay for all treatment for mental health [and] physical ailments," and for "full disability." (*Id.* at 7.)

### III. Analysis

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While courts should liberally construe pro se complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), "[p]rinciples requiring generous construction of pro se complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The Court need not attempt "to discern the unexpressed intent of the plaintiff." *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). The Fourth Circuit has explained that "[t]hough [pro se] litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *Beaudett*, 775 F.2d at 1276. In other words, "[d]istrict judges are not mind readers," *id.* at 1278, and "they cannot be expected to construct full blown claims from sentence fragments," *id.* It is both unnecessary and inappropriate to engage in an extended discussion of Prasad's theories for relief. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989))). Although Prasad's Complaint has many legal infirmities, it ultimately will be dismissed as legally frivolous and for failure to state a claim.

Despite listing sixteen "accus[ations]" (Part. Compl. 3–5), Prasad's complaints against the Washington DC Police Dept boils down to two claims. First, Prasad believes that the

---

Prasad wishes to raise claims pertaining to her medical history that are not against the named Defendant, she is free to file a separate civil action raising these claims. As these allegations are not against the named Defendant, the Court will not consider them here.

Washington Police Dept failed to pursue criminal charges and mishandled the case against the two individuals who allegedly kidnapped and raped her. Prasad fails to explain, and this Court fails to discern, how this violated her rights. Prasad, as "a private citizen lacks a judicially cognizable interest in the [criminal] prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990) (citation omitted) ("No citizen has an enforceable right to institute a criminal prosecution.") Because this claim is legally frivolous, Prasad's first claim will be DISMISSED WITH PREJUDICE.

In her second claim, Prasad contends that several unnamed officers of the Washington DC Police Dept treated her rudely during their investigation. Prasad argues that these officers "were overly discriminatory – commenting on my knowledge of the Spanish language – making negative comments about my body." (Part. Compl. 2.) Once again, Prasad fails to allege facts indicating that the DC Police Dept violated her rights. Contrary to Prasad's assertions, it is well-settled that verbal abuse or harassment, even if its causes emotional anxiety, does not constitute a constitutional violation. *See Moody v. Grove*, No. 89–6650, 1989 WL 107004, at *1 (4th Cir. Sept. 19, 1989) ("Verbal abuse alone does not violate a constitutional right." (citing *Collins v. Cundy*, 603 F.2d 825 (10th Cir. 1979)). Prasad's allegations of discriminatory comments and rudeness are insufficient to state a claim for relief and are legally frivolous.[13] Accordingly, Prasad's second claim will be DISMISSED WITH PREJUDICE.

---

[13] As to her non-constitutional "accus[ations]" (Part. Compl. 3), Prasad's provision of mere sentence fragments and citation of several statutes fails to allege facts that would sufficiently provide for a federal or state cause of action. *See Beaudett*, 775 F.2d at 1278. Accordingly, to the extent these "accus[ations]" can be construed as claims for relief, they are also DISMISSED WITH PREJUDICE as legally frivolous and for failure to state a claim.

## IV. Conclusion

For the foregoing reasons, Prasad's claims will be DISMISSED WITH PREJUDICE as legally frivolous and for failure to state a claim. The action will be DISMISSED WITH PREJUDICE. The Clerk will be DIRECTED to note the disposition of the action for the purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

/s/

M. Hannah Lauck
United States District Judge

Date: FEB 2 8 2018
Richmond, Virginia