IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**SUNDARI K. PRASAD,**

    Plaintiff,

v.                                                                        Civil Action No. **3:17CV140**

**WASHINGTON METRO POLICE DEPT,** *et al.*,

    Defendants.

## MEMORANDUM OPINION

Sundari K. Prasad, a Virginia inmate proceeding *pro se*, filed this civil rights action. By Memorandum Opinion and Order entered on February 28, 2018, the Court dismissed the action as legally frivolous and for failure to state claim. (*See* ECF Nos. 16, 17.) The matter is now before the Court on Prasad's "Petition for Rehearing" that will be construed as a motion under Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion," ECF No. 18).[1] *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277–78 (4th Cir. 2008) (stating that filings made within twenty-eight days after the entry of judgment are construed as Rule 59(e) motions (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978))).

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d

---

[1] The Court employs the pagination assigned to Prasad's Rule 59(e) Motion by the CM/ECF docketing system.

1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Prasad does not explicitly address any of the above recognized grounds for relief in her Rule 59(e) Motion. Nevertheless, the Court construes Prasad to argue that the Court should grant her Rule 59(e) Motion "to correct a clear error of law or prevent manifest injustice." *Id.* (citations omitted). However, Prasad's motion fails to demonstrate any clear errors in the conclusions of the Court or that the dismissal of the Particularized Complaint results in manifest injustice. Rather, Prasad launches into an attack on the undersigned because Prasad dislikes the unfavorable decision. As the Court has explained to Prasad many times, unfavorable "judicial rulings alone almost never constitute a valid basis for [finding that a judge was] bias[ed]." *Liteky v. United States*, 510 U.S. 540, 555 (1994) (citation omitted). The Court harbors no bias justifying recusal.

Prasad also challenges the Court's conclusion that the final pages of her Particularized Complaint had nothing to do with the claims she raises against the sole named Defendant, the Washington DC Police Dept. Prasad states that "that [section] is the 'claim' [the undersigned] overlooks." (Rule 59(e) Mot. 1.) As the Court explained:

> Beginning on page nine of the Particularized Complaint, Prasad has attached pages with miscellaneous allegations that do not name the Defendant and do not appear to follow logically her allegations in the previous pages. (Part. Compl. 9.) Prasad labels the top of page nine, "False Case CR16–1184 [] PTSD from case [and] Prasad v. DCPD." (*Id.*) These later pages outline her medical history and appear to raise different claims against the Hampton Roads Regional Jail and someone named "Hamilton Hendrix." (*See id.* at 9–14.) To the extent that Prasad wishes to raise claims pertaining to her medical history that are not against the named Defendant, she is free to file a separate civil action raising these claims. As these allegations are not against the named Defendant, the Court will not consider them here.

(ECF No. 16, at 6 n.12.) The Court fails to discern how Prasad is entitled relief under Rule 59(e) as these rambling and incoherent attachments have no bearing on the claims she raised in her Particularized Complaint against Defendant.

The remainder of the motion is rambling, and contains incoherent cross-references to Prasad's other cases that she filed in the Court and fails demonstrate entitlement to relief under Rule 59(e). In sum, the Court discerns no clear error of law or manifest injustice in the dismissal of Prasad's Particularized Complaint. Accordingly, Prasad's Rule 59(e) Motion (ECF No. 18) will be DENIED.

An appropriate Order shall issue.

/s/ M. Hannah Lauck
M. Hannah Lauck
United States District Judge

Date: SEP 10 2018
Richmond, Virginia

3